The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at the times of the alleged injuries.
3. That the carrier on the risk at the time plaintiff sustained the alleged injuries by accident was Reliance Insurance Company.
4. On August 23, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant, when he was working towards the top of a utility pole, when the pole broke, causing the pole, employee, and other electrical equipment to fall to the ground. Prior to his injury on August 23, 1993, the plaintiff was employed as a lineman by the defendant.
5. On January 14, 1994 the plaintiff was discharged from his employment by the defendant, because of his conviction for indecent exposure.
6. The injuries sustained by plaintiff in the accident include the following:
A. On OS Calcis fracture of the right foot.
B. A displaced Colles fracture of the left wrist.
C. An injury to his back and/or neck.
7. A set of plaintiff's medical records from several medical care providers were stipulated into evidence as follows:
A. McQueen Medical Center (Fred D. McQueen, Jr., M.D.)
B. Charlotte Orthopedic Specialists (David N. Dupuy, M.D.)
C. Pinehurst Orthopedic Clinic (Ward S. Oakley, M.D.)
D. Moore Regional Hospital, Inc.
E. Pinehurst Rehabilitation Center
F. George A. Ferre', M.D.
G. Richmond Memorial Hospital, Inc.
8. The parties further stipulate that the issue of what amount plaintiff is entitled to recover for permanent partial disability should be reserved for hearing at a later date, and shall not be resolved by the Commission at this time.
* * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing plaintiff was 38 years old, and was a high school graduate. He has attended N.C. State University, but did not graduate.
2. On August 23, 1993 the plaintiff had been employed as a lineman for defendant for approximately 8 and 1/2 years. On that date, plaintiff sustained an admitted injury by accident when he fell from an electrical pole while working. Plaintiff was unable to work in any capacity between August 23, 1993 and November 15, 1993. Plaintiff's average weekly wage was $546.01 and his compensation rate is $364.01 per week.
3. Defendant has a policy that provides that if an employee is out of work in a work-related injury, he is paid his regular pay by the company. Plaintiff was paid under this policy for the period of time he was out of work.
4. On November 15, 1993 plaintiff returned to work in a light-duty position designed by defendant to fit plaintiff's work restrictions. This light-duty position was approved by plaintiff's treating physician, Dr. Ward Oakley.
5. The light-duty position consisted of counting attachments to utility poles and was work that other employees would have had to perform if plaintiff had not performed this work.
6. Plaintiff performed this light duty job without difficulty between November 15, 1993 and January 14, 1994.
7. In December 1993 plaintiff was charged in Moore County for indecent exposure. On January 12, 1994 plaintiff was found guilty in the District Court of Moore County of this charge. Plaintiff appealed to Superior Court and the charges against him were dismissed on March 21, 1994.
8. Between the date of his arrest and the District Court conviction, plaintiff continued to work with the defendant. On January 14, 1994 plaintiff was dismissed from employment because of the January 12, 1994 District Court conviction, pursuant to company policy.
9. Subsequent to his January 12, 1994 conviction, plaintiff appealed the conviction which was dismissed on March 21, 1994.
10. Plaintiff was under the care of his treating physician until March 15, 1994 and had not reached maximum medical improvement prior to his dismissal. Plaintiff was given a 15% permanent partial disability impairment rating to his left wrist at this time. It was determined that plaintiff had not sustained any permanent impairment to his right heel as a result of the OS calcis fracture.
11. Plaintiff was examined by Dr. DuPuy on December 29, 1994, at which time Dr. DuPuy gave the opinion that plaintiff had not reached maximum medical improvement with respect to his neck and back strain, although Dr. DuPuy did not recommend any further treatment, he did recommend work hardening to allow plaintiff to return to work. Dr. DuPuy has not assigned a permanent partial disability rating to plaintiff as a result of his neck and back injury.
12. During the hearing plaintiff indicated that he had sustained a loss of hearing as a result of the fall. However, Dr. John L. Monroe examined plaintiff's hearing and was unable to determine whether the fall had caused any hearing loss or damage to plaintiff's ears. Therefore, plaintiff has not sustained any hearing loss in reference to this claim.
13. Plaintiff's District Court conviction of January 12, 1994 was ultimately dismissed. Therefore, plaintiff was available to continue his light-duty assignment at all times. The Full Commission finds that plaintiff's dismissal from his employment was premature and was not reasonable. Therefore, plaintiff did not violate N.C.G.S. § 97-32 on the ground that he did not constructively refuse suitable employment.
14. The Full Commission panel is aware of the North Carolina Court of Appeals case entitled: Seagraves v. The Austin Company, filed on July 16, 1996. This panel is of the opinion that the Seagraves case can be distinguished from the case at bar. The presumption of innocence until proven guilty is one of the strongest presumptions of American jurisprudence. In the instant case, the presumption of innocence we believe, is the foundation in which to overturn the Deputy Commissioner's decision that plaintiff constructively refused employment. When looking at the totality of the events in this case (i.e., the plaintiff's conviction being overturned) one can clearly reason that the presumption of innocence until proven guilty has, in fact, served its purpose in the instant case. To hold that plaintiff constructively refused employment based on his conduct outside employment as opposed to conduct on the job site (Seagraves case) which has not been fully litigated takes away from our system of American jurisprudence.
15. Plaintiff has not earned compensation from any other employment since he was discharged by the defendant in January of 1994.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant on August 23, 1993. N.C.G.S. § 97-2(6).
2. In the case of State v. Sparrow, 276 N.C. 499,173 S.E.2d 897 (1970) . . . "When an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and is not thereafter available for any purpose. . . ." In following N.C.G.S. § 97-32 plaintiff did not constructively refuse suitable employment; therefore, plaintiff is entitled to all benefits due and forthcoming. N.C.G.S. § 97-32.
3. Plaintiff shall receive temporary total disability from defendants from January 14, 1994 and continuing at a rate of $364.01 per week. These benefits shall continue until plaintiff sustains a change of condition or until further order of this Commission. N.C.G.S. § 97-29.
4. Plaintiff is entitled to compensation for all medical expenses incurred, or to be incurred as a result of his said compensable injury, for so long as such examinations, evaluations and treatments are reasonable required to effect a cure, give relief or lessen plaintiff's period of disability. N.C.G.S. § 97-25.
5. The issue of whether plaintiff is entitled any permanent disability benefits as to his neck or back shall be reserved for subsequent determine.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional workers' compensation benefits from January 14, 1994 and continuing is GRANTED.
2. Plaintiff shall receive temporary total disability benefits from defendants from January 14, 1994 and continuing at a rate of $364.01 per week.
3. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
4. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the lump sum amount due plaintiff shall be deducted and paid directly to plaintiff's attorney, thereafter, plaintiff's attorney shall receive every fourth check due the plaintiff.
5. The issue of any permanent partial disability to plaintiff shall be held open to be determined at a later date.
6. Defendants shall pay the costs of this action.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 9/26/96